IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-01029-NJR-DGW |
| | ) |
| ZACHARY FITZGERALD, | ) |
| JACQUELINE LASHBROOK, | ) |
| BRIAN MINER, and | ) |
| JEFF HUTCHINSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 91) regarding the Motion for Summary Judgment filed by Defendants (Doc. 59) and the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiff Durwyn Talley (Doc. 83). The Report and Recommendation, entered on April 27, 2018, recommends that the Court grant in part and deny in part Defendants' Motion for Summary Judgment and deny Talley's Motion for Temporary Restraining Order and Preliminary Injunction. No objections to the Report and Recommendation were filed.

Talley, an inmate of the Illinois Department of Corrections currently housed at Western Illinois Correctional Center, filed this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his First and Eighth Amendment rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A

(Doc. 2), severance of this case from 14-cv-948-MJR-SCW (Doc. 4), and the dismissal of several unknown John Doe defendants (Doc. 4), Talley is proceeding on one count of denial of access to the courts in violation of the First Amendment against Defendants Fitzgerald, Lashbrook, and Miner (Count 3) and one claim for injunctive relief regarding his conditions of confinement against Defendant Hutchinson, the warden of Menard Correctional Center (Count 5). In Count 3, Talley claims that Defendants failed to provide him with copies of orders relating to an appeal. As a result, the appeal was dismissed. In Count 5, Talley claims his cell at Menard Correctional Center lacked adequate ventilation.

Defendants filed a motion for summary judgment on October 31, 2017 (Doc. 59). Defendants argue they are entitled to judgment as a matter of law as to Count 3 because Talley was not yet housed at Menard when two of the relevant orders were issued; thus, the orders would have been sent to Talley's previous institution. As a result, Talley cannot show the Defendants were responsible for the failure to deliver the orders. They also assert Talley cannot show the failure to deliver any orders hindered his efforts to pursue a non-frivolous legal claim, as the Central District of Illinois determined his appeal in No. 14-1030 was not taken in good faith.

In response, Talley asserts that he is complaining about the failure to receive orders that resulted in the dismissal of *two* appeals: No. 14-1030 and No. 15-1861. He further contends that he arrived at Menard on April 9, 2014, so Defendants are responsible for the failure to deliver orders entered on May 12, 2014, June 19, 2014, and September 3, 2014. Furthermore, while it is true the Central District determined his

appeal was not taken in good faith, the Court's decision was based on Talley's failure to pay the filing fee. Thus, Talley argues, his appeal was not frivolous, as it was not dismissed on the merits.

As to Count 5, Talley's claim for injunctive relief regarding the conditions of confinement at Menard, Defendants argue that Talley is no longer housed at Menard. Therefore, his claim for injunctive relief in Count 5 is moot. Talley concedes this point.

With regard to Talley's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 83), Talley asks the Court to enter an order enjoining Defendants Lashbrook and Fitzgerald, Directors of the Illinois Department of Corrections, the Warden of Western Correctional Center, and all of its agents, from intercepting, altering, reducing, failing to file, and failing to give Talley complete copies of all of his filings to and from the courts.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has carefully reviewed the evidence and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 91). Defendants' Motion for Summary Judgment (Doc. 59) is **GRANTED in part and DENIED in part**. Talley shall proceed as to Count 3 against Defendants Fitzgerald, Lashbrook, and Miner only as it relates to the failure to provide Talley with the Central District's May 12, 2014 Order.[1] Count 5 is **DISMISSED as moot**. Talley's Motion for Preliminary Injunction (Doc. 83) is **DENIED**.

IT IS SO ORDERED.

DATED:   March 24, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] The Court notes that Magistrate Judge Wilkerson disregarded Talley's argument regarding his second appeal that was allegedly dismissed as a result of prison officials interfering with Talley's access to the courts. Magistrate Judge Wilkerson stated that appeal No. 14-1861 was an appeal from a Southern District of Indiana criminal case involving a different party. Within his response, however, Talley mistakenly refers to both No. 14-1861 and 15-1861. Appeal No. 15-1861 is, indeed, an appeal by Talley to the Seventh Circuit Court of Appeals. The Court's threshold order in this case (Doc. 2) does not discuss appellate case No. 15-1861, even though Talley's complaint appears to reference the failure to receive court orders related to two separate appeals. In any event, even if Talley properly raised this claim, Defendants would still be entitled to summary judgment. A review of the appellate filings indicates Talley followed through on this appeal all the way to the United States Supreme Court. Thus, even if Defendants failed to provide Talley with any orders in No. 15-1861, he clearly suffered no detriment and had access to the courts.