## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY,          ) | |
|         ) | |
|       Plaintiff,     ) | |
|         ) | |
| vs.         ) | Case No. 3:15-CV-01029-GCS |
|         ) | |
| ZACHARY FITZGERALD,   ) | |
| JACQUELINE LASHBROOK,  ) | |
| and BRIAN MINER,     ) | |
|         ) | |
|       Defendants.   ) | |

## MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's motion for leave to file *instanter* a second amended complaint (Docs. 142, 149, 151, 153). Defendants oppose the motion (Docs. 147, 152, 155). Based on the following, the Court **GRANTS** the motion.

On August 29, 2014, Durwyn Talley, an inmate in the Illinois Department of Corrections currently housed at Pontiac Correctional Center ("Pontiac"), filed this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his First and Eighth Amendment rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A (Doc. 2), severance of this case from 14-cv-948-MJR-SCW (Doc. 4), and the dismissal of several unknown John Doe defendants (Doc. 4), Talley was allowed to proceed on one court of denial of access to the courts in violation of the First

Amendment against Defendants Fitzgerald, Lashbrook, and Miner (Count 3) and one claim for injunctive relief regarding conditions of confinement against Defendant Hutchinson, the warden of Menard Correctional Center ("Menard") (Count 5).[1] In Count 3, Talley claimed that Defendants failed to provide him with copies of orders relating to an appeal. As a result, the appeal was dismissed.[2] In Count 5, Talley claims his cell in Menard lacked adequate ventilation.

On May 24, 2018, District Judge Rosenstengel entered a Memorandum and Order adopting a Report and Recommendation granting in part and denying in part Defendants' motion for summary judgment (Doc. 96). Specifically, Judge Rosenstengel allowed Talley to proceed as to Count 3 against Defendants Fitzgerald, Lashbrook and Miner only as it relates to the failure to provide Talley with the Central District of Illinois's May 12, 2014 Order. *Id.* Judge Rosenstengel also dismissed Count 5 as moot. *Id.*

On May 26, 2018, Magistrate Judge Wilkerson assigned attorney Maureen O. Bryan for Talley (Doc. 97). Thereafter, Magistrate Judge Wilkerson held a status

---

[1]      In the threshold review, the Court summarized Talley's claim in Count 3 as follows: "The complaint goes on to allege Defendants Fitzgerald (correctional officer), Doe # 3 (internal affairs officer(s)), Doe # 4 (internal affairs lieutenant), Doe #5 (assistant warden), Doe # 6 (mailroom supervisor), and Doe #7 (mailroom staff) conspired to deny Plaintiff access to the Courts by interfering with his legal mail and court documents (Doc. 1, pp. 14-15). Plaintiff claims he filed an interlocutory appeal to challenge the denial of a temporary restraining order in *Talley v. Friel, et al.*, Appeal No. 14-1030 (7th Cir. 2014). He was ordered to file a brief memorandum in support of his claim that the district court erred in denying his request to proceed *in forma pauperis* on appeal. The above-referenced Defendants failed to provide Plaintiff with a copy of the order and intercepted his outgoing legal mail. As a result, he was unable to file the brief. His interlocutory appeal was dismissed, and Plaintiff's pain and suffering was prolonged (Doc. 1, p. 15)." (Doc. 2, ps. 5-6).

conference (Doc. 106). During the status conference, defendants' counsel indicated that he was in the process of sending discovery to Talley's attorneys. As such, Magistrate Judge Wilkerson set the matter for another status conference on July 11, 2018. On July 7, 2018, Magistrate Judge Wilkerson held a status conference, set the matter for another status conference on August 13, 2018 and re-opened discovery through September 4, 2018 (Doc. 109). At the next status conference, the parties discussed discovery and the need to move the deadlines (Doc. 117). Thereafter, on August 21, 2018, upon consent of the parties, the matter was transferred to Magistrate Judge Wilkerson for final disposition (Doc. 122).

The next day, Talley, by and through appointed counsel, filed a motion for leave to file *instanter* a First Amended Complaint (Doc. 123). On August 27, 2018, Magistrate Judge Wilkerson granted the motion for leave to file *instanter* First Amended Complaint, noting Defendants did not object to the motion (Doc. 126). The First Amended Complaint was filed on September 14, 2018 against Fitzgerald, Lashbrook and Miner for interfering with his access to courts during Talley's detention at Menard (Doc. 128). Specifically, Talley alleges that Defendants failed to provide him with a May 12, 2014 Order from the District Court for the Central District of Illinois, which resulted in the dismissal of his appeal in *Talley v. Friel*, *et al.*, No. 11-CV-1368. Ultimately, Magistrate Judge Wilkerson amended the Scheduling and Discovery Order extending discovery to March 1, 2019 and the dispositive motion deadline to April 5, 2019. On January 9, 2019, this matter was reassigned to the undersigned for final disposition (Doc. 137).

On April 10, 2019, Plaintiff, by and through appointed counsel, moved to file *instanter* a Second Amended Complaint (Doc. 142). Specifically, Talley seeks leave to add Jennifer Clendenin, a paralegal at Menard, as a named defendant. Talley argues that Clendenin was only recently identified in written discovery responses provided in December 2018; that Defendants initial disclosures listed 17 Menard employees as potential Doe defendants, including mailroom employees and three office assistants and that Clendenin was not identified as a potential Doe defendant, nor did Defendants provide Talley with any documents/information which would assist Talley in identifying her. Further, Talley contends that the Defendants other written discovery responses failed to disclose her. Defendants oppose the motion arguing that the amendment is futile as the claims are barred by the statute of limitations and there is not sufficient tolling to add Clendenin at this time. Defendants also oppose the motion arguing that the addition of a new defendant would prejudice defendants. On May 13, 2019, the undersigned held a hearing on the motion, took the matter under advisement and allowed the parties additional time to brief equitable tolling (Doc. 150). The parties filed the briefs (Docs. 151, 152, 153, 155). As the motion is ripe, the Court turns to the merits of the motion.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. PROC. 15(a). As

noted previously, Plaintiff was permitted to file a first amended complaint (Doc. 128) and defendants filed an answer to the first amended complaint (Doc. 132). As such, Plaintiff must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2).

The decision to grant a plaintiff leave to amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *See Pugh v. Tribune Co.,* 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works,* 125 F.3d 468, 480 (7th Cir. 1997). Rule 15(a)(2) states that amendments should be freely granted "when justice so requires." FED. R. CIV. PROC. 15 (a)(2). However, the Supreme Court has noted that leave should not be freely given where certain circumstances exist. *See Forman v. Davis,* 371 U.S. 178, 182 (1962). Such circumstances include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and the] futility of the amendment[.]" *Forman*, 371 U.S. at 182; *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n,* 377 F.3d 682, 687 (7th Cir. 2004). *See also Guise v. BMW Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004)(noting that leave to amend may be denied on the grounds of "undue delay, bad faith, dilatory motive, prejudice, or futility."); *Knapp v. Whitaker,* 757 F.2d 827, 849 (7th Cir. 1985)(noting that the court should consider prejudice to the non-moving party in determining whether to grant a motion to amend).

Under Rule 15(c)(1), an amendment to a pleading relates back to the date of the original pleading when one of three things occurs:

(A)    the law that provides the applicable statute of limitations allows relation back;

(B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C)    the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. PROC. 15(c)(1).

To satisfy that rule, Plaintiff must meet three requirements. First, the claim against Clendenin must satisfy Rule 15(c)(1)(C), meaning it must have arisen "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. PROC. 15(c)(1)(C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" (ordinarily 90 days from when the complaint is filed), Clendenin must have "received such notice of the action that [she] will not be prejudiced in defending on the merits." FED. R. CIV. PROC. 15(c)(1)(C)(i). Finally, Plaintiff must show that, within the Rule 4(m) period, Clendenin "knew or should have known

that the action would have been brought against [her], but for a *mistake* concerning the proper party's identity." FED. R. CIV. PROC. 15(c)(1)(C)(ii) (emphasis added). Moreover, the addition of a new defendant will generally not relate back if the new defendant is not being substituted for someone already a defendant. *See, e.g., Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 807 (5th Cir. 2006)(distinguishing between a misnomer that should be corrected and mere addition of a party).

The question here is whether the proposed Second Amended Complaint adding Clendenin as an additional party relates back under sub-section (C). The law on this issue changed significantly with the Supreme Court decision in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). Prior to *Kruspki*, the Seventh Circuit held that the lack of knowledge regarding the defendant's identity was not a "mistake" for purposes of relating back – effectively barring John and Jane Doe cases. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006)(citing *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000)); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998).

With its decision in *Krupski*, however, the Supreme Court clarified that the proper focus in determining whether there is relation back, is on "what the prospective defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing" the original complaint. *Krupski*, 560 U.S. at 548. The Supreme Court defined mistake to include among other things "inadequate knowledge." The Court held that under these definitions, the fact that a plaintiff knows of a party's existence "does not preclude her from making a mistake with

respect to the party's identity." *Id*. at 549. Indeed, the "only question" under Rule 15(c)(1)(C)(ii) is whether the prospective defendant "knew or should have known that, absent some mistake, the action would have been brought against him." *Id*. *Krupski* thus shifted the focus in Rule 15(c) to what the *defendant* knew or should have known. *Id*. at 548 (emphasis added).

Here, it is clear that Clendenin should have known but for Talley's lack of knowledge she would have been named in the original complaint. Specifically, the allegations in Talley's original complaint as to Count 3 state in part:

> "Prison staff caused Talley's Interlocutory Appeal on his Temporary Restraining Order to be dismissed for failure to honor a Court order and submit a Brief-Memorandum in support of in forma paupers, when they, defendants, Head of Internal Affairs and Assistant Warden, Lt. of Internal Affairs, the Mailroom Supervisor, the mailroom staff, Internal Affairs Officers and C/O Fitzgerald, conspired to and failed to allow Talley's mail to leave the prison. [a]s well as failed to give Talley his Court Order, ordering him to file a memorandum of law in support of in forma pauperis, in Talley's other appeal in Talley v. Joyce Friel and Dr. Tilden; No:14-1030. – Because of the defendants [sic] actions, Talley has had to suffer longer with his illness. The Appellate Court denied Talley's motion to recall mandate on his interlocutory appeal on his TRO – Temporary Restraining Order. … But prison staff, the defendants working as a whole, intercepted Talley's outgoing mail and never let it leave the prison. Defendants have been taking, delaying, destroying and taking parts of most of Talley's incoming and outgoing mail to and from federal Courts, for the past 5 months, since he transferred to Menard, C.C."

(Doc. 1, p. 14, 15). These allegations, construed liberally, relate to conduct regarding any individual who allegedly interfered with Talley's receipt of court orders; these allegations do not exclude the involvement of anyone working in the law library at Menard.

Additionally, the threshold Order allowed Talley to proceed against the Warden of Menard, in his official capacity, based solely on Talley's request for injunctive relief in Count 5 and directed the Warden of Menard to respond to any discovery requests regarding the identity of the John Doe defendants submitted by Talley. Further, the Scheduling and Discovery Order directed defendants to provide documentation and information regarding the identification of the John Does. (Doc. 28, p. 3). Thus, the prison and defendants were aware of the allegations contained in the complaint and the prison and defendants could have identified Clendenin as the employee potentially implicated in the case. While Defendants disclosed many individuals as potential Doe defendants to Talley throughout the course of the litigation, Defendants did not disclose Clendenin's potential involvement in the case until late December 2018. Thus, based on these circumstances, Clendenin should have known of the allegations in the original complaint against her.

Defendants further argue that allowing the amendment will cause prejudice to them. While the Court notes that allowing the amendment will prolong the litigation, the Court finds no prejudice to Defendants and finds it is in the interest of justice to allow Talley leave to file the second amended complaint.

Accordingly, for the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file instanter a second amended complaint (Doc. 142). The Court **DIRECTS** Plaintiff to file the second amended complaint *instanter*. Thus, the Court **REOPENS**

discovery and **EXTENDS** the discovery deadline to January 14, 2020 and the dispositive motion deadline to February 14, 2020. Further, the Court **DENIES as premature** the supplemental motion for summary judgment (Doc. 143). The parties shall contact chambers if a settlement conference would be beneficial.

      **IT IS SO ORDERED**.

      **DATED: November 4, 2019**.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2019.11.04 14:25:18 -06'00'

GILBERT C. SISON
United States Magistrate Judge